UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

BLANCA N. AGOSTO
*aka* BLANCA NIEVE AGOSTO,

Debtor.

Chapter 11

Case No.: 25-11039

**DECLARATION OF BLANCA N. AGOSTO URSUANT
TO RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES FOR THE
SOUTHERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. § 1746, I, BLANCA N. AGOSTO, hereby declare as follows under the penalty of perjury:

1. I filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 17, 2025 (the "Petition Date").

2. There is no other or prior bankruptcy case filed by or against me, and there has not been a committee of unsecured creditors organized prior to the order for relief in the Debtor's Chapter 11 case.

3. This Declaration is submitted pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") to provide an overview of my financial situation, the reasons for filing this bankruptcy case, and my proposed exit strategy.

4. I am an individual residing at 127 East 106th Street, Apartment GF, New York, NY 10029. I have lived at this address since 2005. The property at 127 East 106th Street, New York, NY (Block 1634, Lot 113) is my primary residence and an investment property, currently improved by a five-family residential apartment building with four rental units, as confirmed by the Certificate of Occupancy issued on August 15, 2012. During 2007–2008, when the mortgage loans were issued, the property was a vacant six-family dwelling, as noted in the 1954 Certificate

of Occupancy, undergoing extensive renovation to convert it to a five-family dwelling.

5. I am a defendant in three consolidated foreclosure actions initiated by Rudolf Kats in the Supreme Court of the State of New York, County of New York, under Index Nos. 810027/2010, 850027/2012, and 850360/2014, now proceeding under Index No. 850027/2012. These actions involve four mortgage loans dated April 19, 2007 ($125,000), August 30, 2007 ($200,000), April 4, 2008 ($120,000), and October 31, 2008 ($75,000), each secured by a recorded mortgage on the property at 127 East 106th Street, of which I am the sole owner.

6. I contend that these loans may be usurious under New York General Obligations Law § 5-501, which sets a maximum interest rate of 16% for certain loans. The loans carry a stated interest rate of 12.50% per annum and a default rate of 24% per annum. I intend to challenge their validity in this bankruptcy proceeding, arguing that additional fees, if proven, could render the effective rates usurious and void per § 5-511.

7. The consolidated foreclosure actions culminated in a Decision and Order dated July 10, 2023, granting Rudolf Kats a Judgment of Foreclosure and Sale for 127 East 106th Street. A referee's report dated March 4, 2022, computed $2,182,218.55 due as of January 31, 2022, including unpaid principal of $520,000, interest at a 24% default rate, and a protective advance of $18,247.86 for real estate taxes. The court confirmed the referee's findings and ordered a public auction. I opposed the plaintiff's motions for summary judgment and receiver appointment on November 14, 2017, asserting usury and predatory lending, but these were granted on May 5, 2020. My motions to renew and reargue on September 3, 2020, and November 28, 2022, were denied, and my appeal was dismissed on March 31, 2022 (Kats v. Agosto, 2022 NY Slip Op 02198). I objected to the referee's computation on November 20, 2020, citing hearsay and lack of a hearing, but this was not sustained. The foreclosure sale is currently stayed by the automatic stay

under 11 U.S.C. § 362 due to this bankruptcy filing.

8. My financial distress stems from the high interest rates (12.50% regular and 24% default) and associated fees of the mortgage loans, which rendered repayment unsustainable. The lender asserts the loans were provided to fund renovations at 127 East 106th Street, and such renovations were completed, converting the property to a five-family dwelling. However, the loan terms, coupled with the lender's refusal to provide a payoff letter, prevented refinancing and worsened my default. The foreclosure judgment and impending sale of my primary residence necessitate bankruptcy protection to reorganize my debts

9. **Assets and Liabilities**: My primary asset is the property at 127 East 106th Street, with a valuation of $5,789,222.67, which will be further verified through an appraisal. My liabilities include the disputed mortgage loans totaling $520,000 in principal, plus $1,662,218.55 in accrued interest and advances as of January 31, 2022, per the referee's report. Other potential liabilities include a mechanic's lien by Green Era Construction Corp. (possibly expired March 16, 2012) and a money judgment of $15,895 by 20 Maiden Lane Associates, LLC, extinguished by the foreclosure judgment. Additional debts will be detailed in schedules.

10. **Income and Expenses**: My monthly income derives from Social Security ($1,663.66), my pension ($1,472.75), and my Airbnb business, which generates an average of $4,000.00 per month at 127 East 106th Street, totaling approximately $7,136.41. Monthly expenses include property taxes, insurance, maintenance, and personal living expenses, totaling approximately $6,476.00.

11. **Purpose of Filing**: This Chapter 11 filing aims to reorganize my debts, propose a repayment plan, and stay the foreclosure sale to protect my primary residence. I seek to challenge the usurious loans' validity, arguing they are void under New York law, to reduce my debt burden

and retain property ownership.

12.   **Creditors**: The primary secured creditor is Rudolf Kats, claiming $2,182,218.55 as of January 31, 2022. Other potential creditors include Green Era Construction Corp., 20 Maiden Lane Associates, LLC (though their claims may be extinguished or expired), Cavalry SPV I, LLC, and Jefferson Capital Systems LLC, as listed in the creditor matrix filed with the petition. A complete creditor list will be provided in schedules.

13.   **No Publicly Held Securities**: I do not own any publicly held shares, debentures, or other securities.

14.   **Reservation of Rights**: I reserve the right to amend this affidavit in accordance with applicable case law, Bankruptcy Code provisions, and Local Rules.

I swear under the penalty of perjury that the foregoing is true and accurate.

Dated:  June 18, 2025
        New York, NY

                                        /s/ *Blanca A. Agosto*
                                        BLANCA N. AGOSTO
                                        Debtor